UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-4001-SNOW

UNITED STATES OF AMERICA,    :

       Plaintiff,    :

v.    :

DONALD ROBERSON, et al.,    :

       Defendants.    :



### DETENTION ORDER

    Pursuant to 18 U.S.C. § 3142(f), on January 7, 2000, a hearing was held to determine whether the defendant **Frantz Lavache** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **Frantz Lavache** be detained prior to trial and until the conclusion thereof.

    In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1. The defendant is charged with conspiracy to possess with intent to distribute cocaine and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846 and



841(a)(1).  Therefore, the defendant is charged with offense involving a narcotic drug.  18 U.S.C. § 3142(g)(1).

    2.  The weight of the evidence against the defendant is substantial.  Government witnesses will testify that from October 1998 through January 3, 2000, Donald T. Roberson and Joseph Samuels were engaged in the business of selling cocaine powder and crack cocaine from residences in Fort Lauderdale, Florida.  Confidential sources purchased cocaine from Roberson and/or Samuels on seven occasions during this time period.  On each occasion, the confidential source was equipped with a body transmitter, and his/her conversations were recorded.

    On January 3, 2000, law enforcement officers conducted a surveillance of Roberson, during which they followed him to 5802 N.W. 12th Street, Sunrise, Florida.  A short time later, Frantz Lavache arrived at the same location, driving a pickup truck registered to Roberson.  Lavache got out of the truck and went inside the residence.  Shortly thereafter, Roberson got in the truck and drove away.  A traffic stop was conducted, and Roberson gave verbal consent to search the truck.  A search was conducted with the assistance of a narcotics detection dog, and resulted in the discovery of ten brick-shaped packages of cocaine.

    A short time later, surveillance agents observed Lavache and Samuels drive away from the residence at 5802 N.W. 12th Street.  The vehicle in which they were riding was stopped, but no drugs or contraband were found inside the vehicle or on their persons.

However, a search warrant conducted at the 12th Street residence resulted in the seizure of a plastic bag containing 1.5 kilograms of cocaine powder; a shoebox containing plastic bags of cocaine; a second shoebox containing plastic bags of marijuana, and $10,000.00 in cash. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are that he is a Haitian citizen who has resided in the United States for 25 years. However, he is not a permanent resident, and last entered this country on a student visa, which has expired. Therefore, the defendant appears to be an illegal alien. Although many of his family members reside in the United States, he has ties to Haiti and must be deemed to be a risk of flight. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. There is probable cause to believe the defendant conspired to possess and did possess with intent to distribute a substantial quantity of cocaine, offenses punishable by more than three years under the Controlled Substances Act, 21 U.S.C. § 801, et seq. Accordingly, the defendant constitutes a danger to a danger to the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded

that this defendant presents a danger to the community, and a serious risk of flight if released prior to trial. The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 13th day of January, 2000.

*Lurana S. Snow*
LURANA S. SNOW
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA David Cora (FTL)
Pretrial Services (FTL)
Ramona Tolley, Esq.