UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Cases No. 00- 6015-CR-ZLOCH

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| DONALD T. ROBERSON, | ) |
| FRANTZ LAVACHE | ) |
| and | ) |
| JOSEPH SAMUELS, | ) |
| | ) |
| Defendants. | ) |

NIGHT BOX
FILED
JAN 26 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

1. Enclosed, please find copies of **16** audio tapes which contain recordings of conversations had by the defendants.

2. That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

3. No defendant testified before the Grand Jury.

4. The NCIC records of the defendants are attached.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its

case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 E. Broward Blvd., Fort Lauderdale, Florida, Suite 700. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for February 4, 2000 at 2:00 p.m. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

Attached:
1.) Tape numbered 00001 - dated 11/11/98
2.) Tape numbered 00002 - dated 01/20/99
3.) Tape numbered 00003 - dated 01/22/99
4.) Tape numbered 00004 - dated 02/26/99
5.) Tape numbered 00005 - dated 03/05/99
6.) Tape numbered 00006 - dated 03/27/99
7.) Tape numbered 00007 - dated 04/30/99
8.) Tape numbered 00008 - dated 06/23/99
9.) Tape numbered 00009 - dated 06/24/99
10.) Tape numbered 00010 - dated 08/17/99
11.) Tape numbered 00011 - dated 08/17/99
12.) Tape numbered 00012 - dated 08/25/99
13.) Tape numbered 00013 - dated 11/16/99
14.) Tape numbered 00014 - dated 11/16/99
15.) Tape numbered 00015 - dated 12/28/99
16.) Tape numbered 00016 - dated 01/03/00

17.) Ft. Lauderdale Police Reports - numbered 00017 thru 00023.

18.) Search warrant - numbered 00024 thru 00031.

19.) Ft. Lauderdale Police Reports - numbered 00032 thru 00071.

20.) Ft. Lauderdale Evidence Reports - numbered 00072 thru 00111.

21.) Search warrants - numbered 00112 thru 00127.

2

    22.) Sunrise Police Reports -
      numbered 00128 thru 00132.

    23.) Criminal History Reports -
      numbered 00133 thru 00139.

 6. A laboratory analysis of the substance seized in connection with this case will be made available to you upon receipt by this office.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or

3

otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L. If you wish to inspect the cocaine, marijuana and U.S. currency used in the commission of the offense charged, please contact the undersigned.

Security requirements mandate strict compliance with the procedures established for the granting of access for inspection of seized vessels, aircraft and vehicles.

Accordingly, the United States Attorney's Office cannot process last-minute requests for inspection. In order to meet security requirements, all requests to inspect seized vessels, aircraft or automobiles must be received by the AUSA handling the case on or before fifteen (15) days from the date of the Certificate of Service attached hereto.

If you anticipate that this deadline may create a problem for you or your client, please promptly send written notice to the appropriate AUSA.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

    N.    To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

    O.    The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

    P.    At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendants and their respective defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

    Date: October 29, 1998 thru January 3, 2000
    Place: Broward County

The attachments to this response are numbered documents <u>00001</u> - <u>00139</u>. Please contact the undersigned Assistant United States Attorney if any pages are missing.

    Respectfully submitted,

    THOMAS E. SCOTT
    UNITED STATES ATTORNEY

By: *Roger W. Powell*
    ROGER W. POWELL
    ASSISTANT UNITED STATES ATTORNEY
    Florida Bar No.341411
    500 E. Broward Blvd., Suite 700
    Fort Lauderdale, Florida 33394
    Tel:(954)356-7255; Fax:356-7336

cc: Special Agent Greg McDermott,
    FBI
    Task Force Agent Clay Barrett
    North Broward Drug Enforcement Unit

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was hand delivered by United States this <u>27th</u> day of January, 2000 to:

    Mr. Richard P. Castillo, Esq.
    Attorney for Defendant Roberson
    440 South Andrews Avenue
    Fort Lauderdale, FLorida  33301

    Ms. Ramona Tolley, Esq.
    Attorney for Defendant Lavache
    524 South Andrews Avenue, Suite 303N
    Fort Lauderdale, Florida 33301

    Mr. Philip R. Horowitz, Esq.
    Attorney for Defendant Samuels
    12651 South Dixie Highway, Suite 328
    Miami, Florida 33156

                                  _____
                                  ROGER W. POWELL
                                  ASSISTANT U.S. ATTORNEY