THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

FILED BY

2001 FEB 12 PM 4: 05

S.D. OF FLA-FTL

Frantz Lavache )
 )
 ) Case No. 00-6015 CR-Zloch
 )
v. )
 )
 )
UNITED STATES of AMERICA )

MOTION FOR REDUCTION OF SENTENCE

PURSUANT TO 18 U.S.C. §3582(c)(2) and RULE 35/2255

PURSUANT TO APPRENDI v. NEW JERSEY

Comes now the Defendant, pro se, and submits his motion for reduction of sentence under 18 U.S.C. §3582(c)(2) and Federal Rules of Criminal Procedure §35.[1] This motion is pursuant to the clarifying amendment to the United States Sentencing Guidelines (U.S.S.G.) imposed by the new law announced in Apprendi v. New Jersey 530 U.S. \_\_\_\_, 120 S. Ct. 2348, 147 LEd2 435 (2000), and support thereof, he respectfully presents the following:

**JURISDICTION**

The court has jurisdiction to modify and reduce Defendant's sentence under 18 U.S.C. §3582(c)(2) because of the retroactivity of the clarifying amendment to the commentary of the U.S.S.G. §641.3 imposed by the new rule of constitutional law announced in Apprendi v. New Jersey, supra, by which disputed factors must be resolved by the factfinder beyond a reasonable doubt rather than the sentencing court by the preponderance of evidence standard. Defendant further meets all other requirements for relief under §3582(c)(2).

---

[1]Federal Rules of Criminal Procedure amendment 1991 states, ...the addition of this amendment is not meant to preclude a defendant from obtaining statutory relief from a plainly illegal sentence. The committees assumption is that a defendant is detained pursuant to such a sentence could seek relief under 28 U.S.C. 2255 if the seven day period has elapsed under Rule 35(c). Rule 35(c) and §2255 should thus provide sufficient authority for a district court to correct obvious sentencing errors. (This motion does not waive defendant's rights to file a complete Rule 28 U.S.C. 2255).

**STATEMENT OF FACTS**

The defendant was charged in an eight (8) count indictment conspiracy to possess with intent to distribute cocaine and cocaine base, 21 U.S.C. 841, a class A felony.

On April 17, 2000 the defendant pled guilty to One Count of the eight (8) count count indictment charging him with conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. 841.

The indictment failed to allege the quantity of the drug involved.

Over the objection of the defendant to the quantity found in the PSR the court adopted the PSR guideline range as follows:

**Base Level Offense:** The guideline for 21 U.S.C. 841 is found in the 2D1.1 of the guidelines. That section provides that when an offense involves multiple drug types, the quantities are to be added together and converted to marijuana equivalent. The defendant is responsible for 11 kilograms of cocaine powder and 55.5 grams of cocaine base. According to the drug equivalency tables in 2D1.1, the drugs equate to 3,310 kilograms of marijuana.

An offense involving 3,310 kilograms of marijuana has a base offense level of 34.

34

**Specific Offense Characteristic:** The defendant meets the criteria set forth in subdivision 1 through 5 of 5C1.2, and the offense level is 34, which is 26 or greater. Therefore, a two level decrease is warranted.

-2

**Adjustment For Acceptance of Responsibility:** Based on the defendant's affirmative acceptance of responsibility for his criminal conduct, the offense level is reduced by one level pursuant to 3E1.1(a).

-1

**Total Offense Level**     29

The defendant has zero criminal history points and a criminal history category of I.

Based on a total offense level of 29 and a criminal history of I, the guideline imprisonment range is 87 to 108 months.

On May 30, 2000, a judgement was entered against the defendant whereby the defendant was committed to the custody of the Bureau of Prisons to be imprisoned for a total term of 87 months, followed by supervised release.

**ISSUES OF LAW**

Under 18 U.S.C. 3582(c)(2) a sentence can be modified and reduced

pursuant to an amendment to the United States Sentencing Guidelines (U.S.S.G.) that is retroactive.

There are two categories of retroactive amendments to the U.S.S.G.:

(a) those amendments which are published annually by the Sentencing Commission and are listed in the U.S.S.G. 1B1.10(d); and

(b) Those amendments which are clarifying amendments, which are amendments to the commentary of the Sentencing Guidelines. United States v. Levey 76 F 3rd 672 n.1 (5th Cir., 1996); United States v. Townsend 55 F 3rd 168 (5th Cir., 1995); United States v. Pardue 36 F 3rd 429 (5th Cir., 1994).

In Apprendi v. New Jersey the Supreme Court announced a new rule of constitutional law which states that:

"[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt." **Apprendi supra, 147 LEd2 435.**

The correctly stated Apprendi constitutional rule clearly applies to the U.S.S.G. and not the multitudinous criminal offense statutes that exist outside the U.S.S.G. The "prescribed range of penalties" to which a criminal defendant is exposed in a determinate sentencing scheme such as the U.S.S.G. and are binding upon the judges in sentencing. See Mistrette v. United States 488 U.S. 361, 109 S. Ct. 647, 102 LEd2 714 (1980) (holding the guidelines bind judges and the courts in the exercise of their uncontested responsibility to pass sentence in criminal cases.)

Under Apprendi Rule, therefore, any facts that increase the "prescribed range of penalties" must be established by a jury (or the voluntary admission of a defendant pleading guilty) by proof beyond a reasonable doubt. In the instant case the drug quantity was found by a preponderance standard.

Prior to the new constitutional rule of Apprendi, the commentary to the U.S.S.G. 6A1.3 stated that the preponderance standard was the proper one to apply to the resolution of disputed factors by the court.

Under the Apprendi rule this commentary is amended to require that the disputed factors be established by the jury, by proof beyond a reasonable doubt, the highest standard of proof. Because the clarifying amendments to the U.S.S.G. are retroactive, and because the Apprendi rule is a clarifying amendment to the commentary of 6A1.3 requiring this higher standard of proof, defendant is entitled to reconsideration of his sentence in light of this clarifying amendment to the U.S.S.G.

When this clarifying amendment is applied in this instant case the guideline score is a level 12 for an unspecified quantity of drugs. The revised PSR guidelines would range as follows:

**Base Level Offense:**                                                12
**Acceptance of Responsibility:**                                      -1
**Total Offense Level:**                                               11

The U.S.S.G. prescribed range of penalties in criminal history category I is 8-14 months.

It has been that when a court is presented with both statutory and constitutional grounds to support a claim for relief, the general rule is that the court should pass on the statutory claim before considering the constitutional questions. <u>Califano v. Yamasaki</u> 442 U.S. 682, 692, 99 S. Ct. 2545, 61 LEd 2 176 (1979).

18 U.S.C. 3582(c)(2) considers the facts established on the record relating to the sentencing, and determines the sentence the court would have imposed if the amendment to the U.S.S.G. had been applied at the original sentencing hearing. <u>United States v. Wyatt</u> 115 F 3rd 606, 609 (8th Cir., 1997); <u>United States v. Whitehead</u> 55 F 3rd 1007,1009 (5th Cir., 1997).

The court then considers the factors set forth in 18 U.S.C. §3553(a) to the extent that they are applicable, and reduces sentence accordingly. <u>Id</u>. With the priviso that the sentence cannot be increased. U.S.S.G. §1B1.10, Commentary, Application Note 1; <u>United States v. Camacho</u> 40 F 3rd, 354 (11th Cir., 1994), cert. denied 115 S. Ct. 1810 (1995); <u>United States v. Stevenson</u> 68 F 3rd 1291 (11th Cir., 1995). Although the application and extent of relief is discretionary, the court must provide a statement of reasons for its decision which must be consistent with applicable provisions of the U.S.S.G. Such a statement and clarification must be made in the initial sentencing proceeding. <u>Id</u>. <u>United States v. Boe</u> 117 F 3rd 830, 832 (5th Cir., 1997). When the clarifying amendment imposed by the <u>Apprendi</u> rule is applied under the first step above, the amended Guideline range is 8 to 14 months.

The consideration of factors of 18 U.S.C. 3553(a) which increase a defendant's penalties beyond a prescribed range of penalties (8-14 months) must be charged in the indictment, submitted to the jury and proven beyond a reasonable doubt.

It is held in this circuit that where the record fails to support the districts court's findings of fact under amendment applied under 18 U.S.C.

4

3582(c)(2), the defendant's sentence should be reduced excluding consideration of those facts. United States v. Boe 117 F 3rd 850 (5th Cir., 1997).

The Apprendi rule proscribes the consideration of the facts upon which sentence was based which were determined by the court under the preponderance standard, and requires consideration of only the facts established beyond a reasonable doubt.

Accordingly, "the prescribed range of penalties" to which this defendant is exposed is level 11 (level 12 minus 1 level for acceptance of responsibility) in a criminal history category of I, 8 to 14 months.

On June 26, 2000 the Supreme Court announced a new constitutional rule in Apprendi v. New Jersey, ____ U.S. ____, 120 S. Ct. 2348, 147 LEd2 435 (2000)(holding that:

"[I]t is unconstitutional for the legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt." Apprendi, supra, 147 LEd2 at 455.

The Supreme Court explained that their decision in this regard had been foreshadowed by the opinion in Jones v. United States 526 U.S. 227 (1999) in which the Supreme Court had noted that under "the due process clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt." Jones 526 U.S. at 243 n. 6; See 120 S. Ct. at 2355.

The Supreme Court made it clear in Castillo v. United States ___ U.S. ___, 120 S. Ct. 2090 (June 5 2000) that punishment enhancing factors are to be considered "elements" of an aggravated, separated statutory offense and such elements are to be alleged in the indictment, proved to the jury at trial (after jury instructions to the jury) and found by the jury beyond a reasonable doubt before the "enhanced sentence may constitutionally be applied." See 120 S. Ct., at 2364-2365 and n. 19 ("[W]hen the term 'sentence enhancement' is used to describe an increase beyond the maximum authorized statutory sentence, it is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict. Indeed, it fits

squarely within the usual definition of an element of the offense").[1]

The Supreme Court had made it clear that it views the rule set for in Apprendi quite expansively, applicable well beyond the New Jersey hate crimes statue before it, and specifically applicable to prosecutions under the federal drug laws.[2] The dissenting justices in Apprendi observed that the "majority's rule creates serious uncertainty about the constitutionality of [statues such as 21. U.S.C. § 841 (b)] and about the constitutionality of the confinement of those punished under them." 120 S. Ct. at 2402 (Breyer, J dissenting); accord id. at 2395 (O'Connor, J., dissenting) (same). Only three days after deciding Apprendi, the Supreme Court vacated a judgement in a Tenth Circuit crack cocaine case, and remanded for further consideration in light of Apprendi. See Carless Jones v. United States, __ U.S. ___, 120 S. Ct. 2739 (June 29, 2000).

It is clear from the remand in Carless Jones that (1) the Supreme Court views 21 U.S.C. §841, as setting forth separate offenses, rather than a single offense with different penalties; and (2) that the amount of drugs is an element of offenses set forth in §841(b)(1)(A); and §841(b)(1)(B). In Carless Jones, the Tenth Circuit had affirmed a defendant's sentence to two concurrent terms of 30 years imprisonment for distributing and possessing with intent to distribute crack cocaine - despite the indictment's specific reference to 21 U.S.C. §841(b)(1)(C), and that provision's specification of a 20 year maximum penalty. United States v. Carless Jones, 194 F. 3rd 1178 (10th Cir., 1999). According to the Tenth Circuit, section 841(b)(1) was a "sentencing provision

---

[1] United States v. Tran (2000 WL 1701651 2nd Cir., case no. 99-1278 & 99-1389)(holding (1) pleading guilty does not waive a defendant's right to indictment by the grand jury; (2) by pleading guilty the defendant did not waive his right to be tried and convicted only upon the charges presented to the grand jury; (3) plain error review of defect in the indictment was inappropriate; (4) district court lacked jurisdiction to enter conviction or impose sentence for conduct not charged in the indictment. Further, court held that pleading guilty does not waive a defendant's right to indictment by grand jury. See U.S. v. Meachem 626 F. 2nd 503, 509-510 (5th Cir., 1980) waiver of an indictment is an act clothed in formality...[T]he waiver must be made in open court, defendant must be informed of the nature and the cause for the accusation and the court must be satisfied that the defendant waived knowingly, intelligently and voluntarily. Where the district court acted without jurisdiction, subject matter, the court must notice and correct the error [not harmless error].

[2] United States v. Smith (Case no. 99-6146-CR-Ferguson Nov. 9, 2000, S. D. Fla., Ft. Lauderdale Division ) (holding United States Sentencing Guidelines apply relying on Apprendi v. New Jersey 147 LEd2 435.)

independent of the substantive charges to which it applies." Id. at 1183 (citations omitted). And, in the Tenth Circuit's view, a sentencing judge could "consider quantities of drugs not charged in the information or indictment or proven at trial when determining the applicable mandatory sentencing directives of §841(b)(1)." Id. at 1183-1184.

Prior to Apprendi and Carless Jones, the Eleventh Circuit - like the Tenth - had "clearly rejected the characterization of the amount of drugs as an element of the offense under [21 U.S.C.] §841." United States v. Hester, 199 F 3rd 1287, 1291 (11th Cir., January 7, 2000)(and cases cited therein). See United States v. Perez, 960 F 2nd 1569, 1574 (11th Cir., 1992) (Sentences prescribed in 21 U.S.C. §841 are not substantive offenses in themselves, because the quantity of drugs specified in the penalty provisions are not elements of the offense.) After Apprendi and Jones, however, it is clear that the rationale of Hester and the circuit law preceding it, are no longer viable.

In Apprendi, the Supreme Court recognized that it is the four corners of the indictment which confer sentencing jurisdiction on the district court. See Apprendi, 120 S. Ct. at 2359 n. 10 ("The judge's role in sentencing is constrained at its outer limits by the facts alleged in the indictment"). And the Eleventh Circuit of Appeals in United States v. Rogers, 228 F.3rd 1318 (11th Cir., Sept, 29, 2000) has agreed. See Rogers F. 3rd at 1327-1328 ("[W]e hold today that drug quantity in section 841(b)(1)(A) and 841 (b)(1)(B) cases must be charged in the indictment and proven to a jury beyond a reasonable doubt in light of Apprendi;" where it is not, the defendant "may only be sentenced under section 841(b)(1)(C), which provides punishment for conviction of an undetermined amount..."). The Eleventh Circuit Court of Appeals made it clear in Rogers, that after Apprendi, §841(b)(1)(A) and §841(b)(1)(B) must be considered aggravated crimes with an additional quantity element - crimes that are separate and distinct from the simple §841 offense for which no quantity need be alleged or proved.

In United States v. Sheppard, ___ F 3rd ___, 2000 WL 1839206 (11th Cir., Dec. 14, 2000), a guilty plea case like this one, the Eleventh Circuit Court of Appeals followed Apprendi and Rogers to hold that drug quantity is an essential element of the "separate legal offense[s]" set forth in 21 U.S.C. §841(b)(1)(A) and 841(b)(1)(B), and that " as an element of the[se] offense[s], drug quantity must be charged in the indictment." 2000 WL 1839106

at *1. Expanding on Rogers, the Eleventh Circuit Court of Appeals made clear in Sheppard that two separate constitutional provisions, the Fifth Amendment grand jury indictment clause and the Sixth Amendment notice clause, require that the indictment set forth all essential elements of the offense. See Id. "Because the indictment failed to allege drug quantity," the Eleventh Circuit Court of Appeals held, "Sheppard's sentence was controlled by section 841(b)(1)(C) and the district court's application of section 841(b)(1)(B) violates Apprendi." Id. The defendant's sentence here should have been controlled by §841(b)(1)(C) as well. To the extent that the district court imported into §841(b)(1)(C), a minimum mandatory from the "separate legal offense" set forth in §841(b)(1)(A), violated Apprendi.

The Pre-Sentence Investigation in paragraph 36 on page 12 concluded a base offense level of 34. As previously mentioned, the quantity of cocaine was not specifically pled in the indictment. Accordingly, the base offense level should reflect that an unspecified amount of cocaine has been charged in the indictment. Consequently, the correct base offense for an unspecified amount of cocaine is 12.[1] Furthermore, the Defendant hereby objects to a base offense level of 34 and requests to be sentenced under the Federal Sentencing Guidelines starting at a base offense level of 11 and without consideration of any minimum mandatory term of imprisonment. See United States v. Smith, 2000 WL 1843416 (S.D. Fla.).

To sentence a defendant under §841(a)(1)(B), where he was charged with a different offense under §841(a)(1)/§841(b)(1)(C), is an illegal sentence. In this circuit, illegal sentences are reversible per se - on direct appeal and even on habeas review, without proof of prejudice. See Rogers, 228 F. 3rd at 1321 (that defendant was sentenced under wrong subsection of 21 U.S.C. §841(b)(1) is "alone reason for us to vacate and remand the sentence;" citing United States v. Rhodes, 177 F. 3rd 963, 967-968 (11th Cir., 1999); Jones v. United States, 224 F. 3rd 1251 (11th Cir., Aug. 29, 2000) ("The test...is not what the court might have done; the test is whether the original sentence comported with the law").

Wherefore, this defendant prays that this court will resentence the defendant under the U.S.S.G. Criminal History Category I to a prescribed range

---

[1]Before application of a 1 level reduction for acceptance of responsibility.

of imprisonment under level 11 of the U.S.S.G. 8-14 months.

RESPECTFULLY SUBMITTED

Frantz Lavache
Reg.# 55141-004
P.O. Box 5000
Yazoo City, MS 39194-5000

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been mailed this ____ day of ___Feb,_____ 2001 to:

Roger Powell
500 East Broward Blvd
7th Floor
Fort Lauderdale, FL 33394-7314

RESPECTFULLY SUBMITTED

Frantz Lavache