THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

FRANTZ LAVACHE )
)
v. ) Case No. 006015-CR-Zloch
)
UNITED STATES OF AMERICA )
)

## MOTION FOR RECONSIDERATION

Comes now, Frantz Lavache, Pro Se, files this motion for reconsideration to the order denying re-senetencing under 18 U.S.C. 3582(c)(2). Lavache has filed a notice of Appeal and this is not meant to viciate that notice. However, Federal code Title 18 U.S.C. 3582(c)(2) provides specifically in its plain and unambiguous language for the "defendant" to file to amend based upon sentencing range that has subsequently been lowered. (See Appendix A attached).

The U.S.S.G. 6A1.3 commentary provides for the resolution of disputed facts to be determined on the preponderance standard of proof. (See Appendix B attached). Apprendi has subsequently, not only changed the preponderance standard to proof beyond a reasonable doubt, but requires that the elements which expose a criminal defendant to a greater punishment (enhancements) must be charged in the indictment, submitted to a jury and proven beyond a reasonable doubt. Accordingly, the U.S.S.G. have been amended by a clarifying amendment to reflect the new constitutional rule announced in Apprendi.

Lavache prays that this court will reconsider its findings of February 27, 2001 and grant review and re-sentencing of Lavache.

1

RESPECTFULLY SUBMITTED

*[signature]*

Frantz Lavache
55141-004
Box 5000
Yazoo City Miss. 39194

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been mailed this 6th day of *Mar* 2001, to Mr. Roger Powell AUSA 500 E. Broward Blvd., Seventh Floor, Ft. Lauderdale Fl. 33394-7314.

RESPECTFULLY SUBMITTED

*[signature]*

Frantz Lavache

THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

FRANTZ LAVACHE )
)
) Case No. 006015 CR Zloch
v. )
)
)
UNITED STATES OF AMERICA )
)

## NOTICE OF APPEAL

Comes now, Frantz Lavache, Pro Se, files this notice of appeal pursuant to Federal Rules of Criminal Procedure Rule 4(b) in the above styled case on the denial of a Rule 18 U.S.C. 3582 (c)(2) for modification and resentencing.

Motion to resentence was denied by the district court on the 27th day of Feb. 2001. Such notice includes all rulings of the Court pursuant to the above request, including the request for court appointed counsel.

RESPECFULLY SUBMITTED

Frantz Lavache
55141-004
Box 5000
Yazoo City Miss. 39194

## CERTICICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been mailed this 4th day of May, 2001 to Mr. Roger W. Powell AUSA, 500 E. Broward Blvd., Seventh Floor, Ft. Lauderdale Fl. 33394-7314.

RESPECTFULLY SUBMITTED

Frantz Lavache

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6015-CR-ZLOCH

FILED by _____ D.C.

FEB 2 7 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                              O R D E R

FRANTZ LAVACHE

    Defendant.
_____/

THIS MATTER is before the Court upon the Defendant, Frantz Lavache's, Motion To Proceed In Forma Pauperis And Assignment Of Counsel (DE 91); and upon the Defendant Lavache's Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) and Rule 35/2255 Pursuant to Apprendi v. New Jersey (DE 99). This Court has carefully reviewed the merits of said Motions and is fully advised in the premises.

Accordingly after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant, Frantz Lavache's, Motion to Proceed In Forma Pauperis And Assignment Of Counsel (DE 91) be and the same is hereby **DENIED**; and

2. With regard to Defendant Lavache's Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) And Rule 35/2255

Pursuant To Apprendi v. New Jersey (DE 99), the Court notes that this matter is governed by the Federal Sentencing Guidelines pursuant to the Sentencing Reform Act of 1984. The Sentencing Guidelines do not provide that such a Motion may be filed by a Defendant.

Accordingly, the Court **DISMISSES** Defendant Lavache's Motion aforementioned for lack of jurisdiction. In the alternative, assuming arguendo that this Court has jurisdiction to consider same, the Court **DENIES** Defendant Lavache's Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) (DE 99).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _27th_ day of February, 2001.

WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:

Frantz Lavache, Pro Se
Reg. No. 55141-004
Box 5000
Yazoo City, MS 39194

Roger W. Powell, Esq., AUSA

**Sec.**
3583.  Inclusion of a term of supervised release after imprisonment.
3584.  Multiple sentences of imprisonment.
3585.  Calculation of a term of imprisonment.
3586.  Implementation of a sentence of imprisonment.

## § 3581. Sentence of imprisonment

(a) **In general.**—A defendant who has been found guilty of an offense may be sentenced to a term of imprisonment.

(b) **Authorized terms.**—The authorized terms of imprisonment are—

(1) for a Class A felony, the duration of the defendant's life or any period of time;

(2) for a Class B felony, not more than twenty-five years;

(3) for a Class C felony, not more than twelve years;

(4) for a Class D felony, not more than six years;

(5) for a Class E felony, not more than three years;

(6) for a Class A misdemeanor, not more than one year;

(7) for a Class B misdemeanor, not more than six months;

(8) for a Class C misdemeanor, not more than thirty days; and

(9) for an infraction, not more than five days.

(Added Pub.L. 98-473, Title II, § 212(a)(2), Oct. 12, 1984, 98 Stat. 1998.)

### HISTORICAL AND STATUTORY NOTES

**Effective Date**

Section effective on the first day of first calendar month beginning thirty-six months after Oct. 12, 1984, applicable only to offenses committed after taking effect of sections 211 to 239 of Pub.L. 98-473, and except as otherwise provided for therein, see section 235 of Pub.L. 98-473, as amended, set out as a note under section 3551 of this title.

## § 3582. Imposition of a sentence of imprisonment

(a) **Factors to be considered in imposing a term of imprisonment.**—The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation. In determining whether to make a recommendation concerning the type of prison facility appropriate for the defendant, the court shall consider any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2).

(b) **Effect of finality of judgment.**—Notwithstanding the fact that a sentence to imprisonment can subsequently be—

(1) modified pursuant to the provisions of subsection (c);

(2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or

(3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;

a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

(c) **Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(d) **Inclusion of an order to limit criminal association of organized crime and drug offenders.**—The court, in imposing a sentence to a term of impris-

A-1

| §6A1.2 | GUIDELINES MANUAL | November 1, 1997 |

**Commentary**

*Application Note*

1. Under Rule 32, Fed. R. Crim. P., if the court intends to consider a sentence outside the applicable guideline range on a ground not identified as a ground for departure either in the presentence report or a pre-hearing submission, it shall provide reasonable notice that it is contemplating such ruling, specifically identifying the grounds for the departure. *Burns v. United States*, 501 U.S. 129, 135-39 (1991).

*Background*: In order to focus the issues prior to sentencing, the parties are required to respond in writing to the presentence report and to identify any issues in dispute. Rule 32(b)(6)(B) Fed. R. Crim. P.

*Historical Note*: Effective November 1, 1987. Amended effective June 15, 1988 (see Appendix C, amendment 5); November 1, 1991 (see Appendix C, amendments 425); November 1, 1997 (see Appendix C, amendment 574).

### §6A1.3. Resolution of Disputed Factors (Policy Statement)

(a) When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor. In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.

(b) The court shall resolve disputed sentencing factors at a sentencing hearing in accordance with Rule 32(c)(1), Fed. R. Crim. P.

**Commentary**

In pre-guidelines practice, factors relevant to sentencing were often determined in an informal fashion. The informality was to some extent explained by the fact that particular offense and offender characteristics rarely had a highly specific or required sentencing consequence. This situation no longer exists under sentencing guidelines. The court's resolution of disputed sentencing factors usually has a measurable effect on the applicable punishment. More formality is therefore unavoidable if the sentencing process is to be accurate and fair.

Although lengthy sentencing hearings seldom should be necessary, disputes about sentencing factors must be resolved with care. When a dispute exists about any factor important to the sentencing determination, the court must ensure that the parties have an adequate opportunity to present relevant information. Written statements of counsel or affidavits of witnesses may be adequate under many circumstances. *See e.g., United States v. Ibanez*, 924 F.2d 427 (2d Cir. 1991). An evidentiary hearing may sometimes be the only reliable way to resolve disputed issues. *See e.g., United States v. Jimenez-Martinez*, 83 F.3d 488, 494-95 (1st Cir. 1996) (finding error in

- 358 -

---

| | GUIDELINES MANUAL | §6A1.3 |
| --- | --- | --- |
| November 1, 1997 | | |

district court's denial of defendant's motion for evidentiary hearing given questionable reliability of affidavits on which the district court relied at sentencing); *United States v. Roberts*, 14 F.3d 502, 521 (10th Cir. 1993) (remanding because district court did not hold evidentiary hearing to address defendants' objections to drug quantity determination or make requisite findings of fact regarding drug quantity); *see also United States v. Fatico*, 603 F.2d 1053, 1057 n.9 (2d Cir. 1979), *cert. denied*, 444 U.S. 1073 (1980). The sentencing court must determine the appropriate procedure in light of the nature of the dispute, its relevance to the sentencing determination, and applicable case law.

In determining the relevant facts, sentencing judges are not restricted to information that would be admissible at trial. *See* 18 U.S.C. § 3661; *see also United States v. Watts*, 117 U.S. 633, 635 (1997) (holding that lower evidentiary standard at sentencing permits sentencing court's consideration of acquitted conduct); *Witte v. United States*, 515 U.S. 389, 399-401 (1995) (noting that sentencing courts have traditionally considered wide range of information without the procedural protections of a criminal trial, including information concerning criminal conduct that may be the subject of a subsequent prosecution); *Nichols v. United States*, 511 U.S. 738, 747-48 (1994) (noting that district courts have traditionally considered defendant's prior criminal conduct even when the conduct did not result in a conviction). Any information may be considered so long as it has sufficient indicia of reliability to support its probable accuracy. *Watts*, 117 U.S. at 637; *Nichols*, 511 U.S. at 748; *United States v. Beaulieu*, 893 F.2d 1177 (10th Cir.), *cert. denied*, 497 U.S. 1038 (1990). Reliable hearsay evidence may be considered. *United States v. Petty*, 982 F.2d 1365, 500 U.S. 927 (1991); *United States v. Beaulieu*, 893 F.2d 95 (3d Cir. 1990), *cert. denied*, 510 U.S. 1020 (1993); *United States v. Sciarrino*, 884 F.2d 818 (12th Cir. 1993), *cert. denied*, 493 U.S. 997 (1989). Out-of-court declarations by an unidentified informant may be considered where there is good cause for the non-disclosure of the informant's identity and there is sufficient corroboration by other means. *United States v. Rogers*, 1 F.3d 341 (5th Cir. 1993); *see also United States v. Young*, 981 F.2d 180 (5th Cir.), *cert. denied*, 508 U.S. 980 (1993); *United States v. Fatico*, 579 F.2d 707, 713 (2d Cir. 1978), *cert. denied*, 444 U.S. 1073 (1980). Unreliable allegations shall not be considered. *United States v. Ortiz*, 993 F.2d 204 (10th Cir. 1993).

The Commission believes that use of a preponderance of the evidence standard is appropriate to meet due process requirements and policy concerns in resolving disputes regarding application of the guidelines to the facts of a case.

*Historical Note*: Effective November 1, 1987. Amended effective November 1, 1989 (see Appendix C, amendment 211); November 1, 1991 (see Appendix C, amendment 387); November 1, 1998 (see Appendix C, amendment 574).

- 359 -

B-1