

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

November 30, 2001

RE: 01-11281-DD     USA v. Frantz Lavache
DC DKT NO.:  00-06015 CR-WJZ

TO:   Clarence Maddox

CC:   Frantz Lavache (#55141-004)

CC:   Lisette M. Reid

CC:   Anne R. Schultz

CC:   Suzan H. Ponzoli

CC:   Roger Powell

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

November 30, 2001



Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

RE: 01-11281-DD    USA v. Frantz Lavache
DC DKT NO.: 00-06015 CR-WJZ

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: one psi
    Original record on appeal or review, consisting of: two volumes

Please acknowledge receipt on the enclosed copy of this letter.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (1-2001)

# United States Court of Appeals
## For the Eleventh Circuit

No. 01-11281

District Court Docket No.
00-06015-CR-WJZ

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct 31, 2001
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

versus

FRANTZ LAVACHE,

   Defendant-Appellant.



Appeal from the United States District Court
for the Southern District of Florida

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

     Entered: October 31, 2001
   For the Court: Thomas K. Kahn, Clerk
      By: Eggleston, Nataki



ISSUED AS MANDATE
NOV 3 0 2001
U.S. COURT OF APPEALS
ATLANTA, GA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

OCT 3 1 2001

THOMAS K. KAHN
CLERK

No. 01-11281
Non-Argument Calendar

D. C. Docket No. 00-06015-CR-WJZ

FILED by ___ D.C.
DEC - 4 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANTZ LAVACHE,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(October 31, 2001)

Before CARNES, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Frantz Lavache appeals the district court's denial of his motion to reduce his sentence. Lavache argues that the district court erred in denying his motion because he claims that there is a clarifying amendment to the United States Sentencing Guidelines that applies retroactively to his case and requires a sentence

reduction. Lavache also argues for the first time on appeal that his grand jury indictment was deficient jurisdictionally under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because it did not specify the quantity of drugs involved in the offense. Having reviewed the record and carefully considered the parties' arguments, we affirm.

Lavache pled guilty to an indictment charging him with conspiracy to possess with the intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841. On July 10, 2000, the district court issued its judgment, sentencing Lavache to eighty-seven months of imprisonment. On January 17, 2001, Lavache filed a belated notice of appeal of his judgment, which we ultimately dismissed. Before we dismissed Lavache's appeal, however, he filed a motion to reduce his sentence with the district court. Because his appeal was pending at the time, the district court dismissed Lavache's motion for lack of jurisdiction and this appeal followed.

Whether a court has jurisdiction over a particular case is a question of law subject to plenary review. *United States v. Maduno*, 40 F.3d 1212, 1215 (11th Cir. 1994) (citing *Mars v. Mounts*, 895 F.2d 1348, 1351 (11th Cir. 1990)). This Court generally has held that the filing of a notice of appeal divests the district court of jurisdiction. *United States v. Vicaria*, 963 F.2d 1412, 1415 (11th Cir. 1992) (per

curiam) (citing *United States v. Rogers*, 788 F.2d 1472, 1475 (11th Cir. 1986), *overruled per curiam on other grounds* by *United States v. Cerceda*, 172 F.3d 806 (11th Cir. 1999) (en banc)). Limited exceptions to this general rule include appeals of denials of frivolous double jeopardy claims and appeals of nonappealable orders. *Id.* at 1415 n.2. None of these exceptions apply here, however. Consequently, the district court properly determined that it did not have jurisdiction, since Lavache's direct appeal was pending at that time.

We do not reach the merits of Lavache's argument regarding the defects in his indictment as "[a]rguments raised for the first time on appeal are not properly before this Court." *Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000) (per curiam) (citing *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994)), *cert. denied*, 121 S. Ct. 1746 (2001). Accordingly, the district court did not err.

**AFFIRMED.**

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia